THOMAS R. CAHILL, complainant-appellant,

*v.*

NELLIE MARTYNICK, defendant-respondent.

[Submitted May term, 1928.   Decided October 15th, 1928.]

The holder of a chattel mortgage to secure the price charged for
the assignment of a leasehold interest is not entitled to foreclose,
where the mortgagee and his assignor never had lawful possession
of the premises and had no lease thereto, and where the chattel mort-
gage provided that the mortgagor was to have free and undisturbed
possession of the premises and that the mortgage should be considered
as fully paid in the event of the termination of the lease without the
mortgagor's fault.

On appeal from a decree advised by Vice-Chancellor Fallon.

*Messrs. Seclow & Nessanbaum (Alexander Seclow,* of coun-
sel), for the appellant.

*Messrs. Feinberg & Feinberg (Mr. Jacob Feinberg,* of
counsel), for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The complainant-appellant filed a bill in the court of chan-
cery to enforce, by way of a foreclosure proceeding, an in-
strument in writing, in form of a chattel mortgage on per-
sonal property, consisting, according to a schedule of the
property mentioned in the instrument, of "two one-family
frame buildings now situated and located upon a lot known
and numbered as No. 28 West Nineteenth street, in the city
of Bayonne."

There is also appended to the said instrument an affidavit
of the mortgagee, as is required by the statute in the execu-
tion of a chattel mortgage, and which affidavit, after stating

that there is $1,500 due and to grow due on the mortgage, states, in substance, that the consideration of the mortgage is the sum of $1,500, being the balance due on the purchase price of the houses mentioned therein, and also for the assignment of the mortgagee's leasehold interest in and to the lot numbered as No. 28 West Nineteenth street. The bill also prays for an accounting to the end that the amount due on the mortgage may be ascertained, and for a sale of the mortgaged chattels, and that the proceeds derived from said sale be applied to pay the complainant the amount found due on the mortgage. To the bill of complaint the defendant-respondent filed an answer and a counter-claim. The answer admits the execution of the chattel mortgage, but denies there is anything due from her, the defendant, to the complainant. The answer further avers that "the complainant, by written memorandum of agreement, sold, assigned and transferred to defendant a certain indenture of assignment of lease, the property described therein, being a lot known as lot No. 28 West Nineteenth street, in the city of Bayonne, county of Hudson, State of New Jersey;" that the consideration for the transfer and assignment was $2,500, of which sum defendant paid $1,000 in cash, upon the execution of the agreement, and for the balance, gave the chattel mortgage in question for the sum of $1,500; that the mortgage contained a covenant as follows:

"It is understood, however, that if the leasehold interest which I now have in the said premises known and numbered as No. 28 West 19th street, Bayonne, New Jersey, is terminated through no fault of mine, in that event the balance due on this mortgage shall cease, and the balance considered as paid in full. It being understood that I shall have possession of the said premises during the life of this mortgage."

That prior to, and at the time of the making of the agreement, complainant represented to defendant "that he was lawfully in possession of the premises by reason of an assignment which he held from one Charles Wilder, and that the rental of the said premises was $25 per year, in addition to taxes, which was paid to the Public Service Railway

Company, the owner of said property, and solely through said representations on which defendant relied," she was induced to enter into the agreement.

The answer further avers that at the time complainant made the representation, as set forth, the Public Service Railway Company was the owner of the land upon which said dwellings were erected, and of which fact she, the defendant, was ignorant; that on or about March 6th, 1924, the Public Service Railway Company entered into a lease with Michael Martynick, the defendant's husband, which lease bears date May 21st, 1923, due to which fact that she was obligated to pay rent from the latter date to the said company; that she, having learned from her husband, prior to the making of this lease, that she was not lawfully in possession of the premises under the assignment of the lease made to her by complainant, and being threatened with ejectment or dispossession proceedings, these were the inducing circumstances to the mak-. ing of a lease for the premises, by the railway company to her husband; that on March 20th, 1916, the Public Service Railway Company had entered into a lease for the premises with one Adolph Zilewich, which lease created a monthly tenancy, and in this lease it was provided that the tenant shall not assign or sublet or transfer said lease without the written consent of the railway company, and that subsequently the company recognized one N. Galenter as its tenant, to whom the lease had been assigned, but that that lease terminated on May 1st, 1923, and from that date no rent was paid to the company nor was any tenant in possession, nor did the company execute a new lease to any other person; that the said Charles Wilder never had possession of the premises, nor did he ever have a lease from the railway company, and that the assignment from Wilder to the complainant had no legal basis in law or in fact.

By way of counter-claim the defendant prays that complainant be restrained and enjoined from assigning his interest in and to said chattel mortgage to any third party during the pendency of the suit and that the chattel mortgage be canceled.

As to the defendant's answer to the complainant by way of replication, he joined issue thereon, and by way of answer thereon, and by way of answer to the counter-claim, complainant made a general denial of the allegations of the counter-claim.

This was substantially the posture of the case as gleaned from the pleadings, when it came on for a hearing before the vice-chancellor.

The testimony adduced at the trial substantially supports the averments in the answer.

Bearing in mind that by virtue of the covenant contained in the chattel mortgage the complainant expressly contracted with the defendant that she would have free and undisturbed possession of the premises in question, during the lifetime of the mortgage, and in the event the lease was terminated without any fault on part of the defendant, the "mortgage shall cease and the balance considered paid in full," therefore, in view of the uncontroverted testimony to the effect that the Public Service Railway Company was the owner of the land on which the houses were erected, and that it never had leased the premises to the said Charles Wilder, nor had it in any way or manner parted with any leasehold interest, or right of possession therein to him, either directly or indirectly, and there being an utter absence of any testimony tending to show that Wilder had lawfully acquired any interest in the premises from any lessee of the Public Service Railway Company, it becomes a self demonstrative proposition that the complainant acquired no interest in the premises, nor any right to possession of the same by the assignment purported to have been made by Wilder, and consequently, the chattel mortgage was not only without consideration in that the defendant was never invested with lawful possession of the premises, but by the very terms of the covenant in the mortgage above referred to, which provided that if the possession of the premises terminated during the lifetime of the mortgage, without any fault of the defendant, the mortgage ceased, and the balance was to be considered as paid in full.

The views herein expressed lead us to the conclusion that

the court below properly dismissed the complainant's bill of complaint and properly granted the relief prayed for in defendant's counter-caim.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.  15.

*For reversal*—None.